# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50561
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2026

Lyle W. Cayce
Clerk

Nancy Jackson Spinks,

*Plaintiff—Appellant*,

*versus*

Texas Board of Pardons & Paroles, *Board Members, Commissioners, and Presiding Officer, in their official capacity*,

*Defendant—Appellee*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:25-CV-226

————————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Nancy Jackson Spinks, Texas prisoner # 02173860, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint, in which she challenged the constitutionality of Texas Government Code § 508.149(b) and (d), for failure to state a claim. She argues that pursuant to state law, § 508.149(d) deprived her of her liberty interest in her accrued good time

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

credits without due process. She also argues that the district court abused its discretion when it denied her motion to amend her complaint pursuant to Federal Rule of Civil Procedure 15 and her motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Finally, Spinks moves for the appointment of counsel on appeal. That motion is DENIED.

We review dismissals for failure to state a claim under 28 U.S.C. § 1915A(b)(1) de novo, applying the same standard as when reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). The record reflects that Spinks has been denied release to mandatory supervision every year since 2021, and that she has an upcoming review hearing scheduled for April 2026. Therefore, the record belies her claims that she has been permanently barred from consideration for release to mandatory supervision following her third denial of such relief and that, by operation of § 508.149(d), her liberty interest in her accrued good time credits has been constructively revoked without the benefit of due process. *See Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007); *Ex Parte Hill*, 208 S.W.3d 462, 464-65 (Tex. Crim. App. 2006). Because the complaint did not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the district court did not err by dismissing that complaint for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In her amended complaint, Spinks did not set forth additional facts or present any additional argument in support of her constitutional due process challenge to § 508.149(d). *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000); *Iqbal*, 556 U.S. at 678. Consequently, the district court did not abuse its discretion by denying her motion to amend. *See Stripling*, 234 F.3d at 872-73. Because Spinks's motion for reconsideration did not clearly establish either a manifest error of law or fact or present newly

No. 25-50561

discovered evidence, the district court did not abuse its discretion in denying it. *See Advocare Int'l LP v. Horizon Lab'ys, Inc.*, 524 F.3d 679, 690-91 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.